IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DANIEL JASON BRADFORD** | * | |
| | * | |
| v. | * | Civil Case No. WMN-14-2016 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |
| ************* | | |

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment, and the Commissioner's supplemental brief in support of her motion.[1] [ECF Nos. 11, 15, 18]. I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that the Court deny both motions, reverse the decision of the Commissioner in part, and remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 205(g).

Mr. Bradford protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 19, 2010, alleging a disability onset

---

[1] Pursuant to this Court's March 24, 2015, Order, the Commissioner was permitted to file supplemental briefing addressing apparent issues that arose as a result of the Fourth Circuit's March 18, 2015, opinion in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). [ECF No. 16]. After reviewing the Commissioner's supplemental brief, it is clear that remand is appropriate under *Mascio*. Because I am recommending that the Court grant the relief most favorable to Mr. Bradford, I need not wait for Mr. Bradford's supplemental response before issuing this Report and Recommendations. *See Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013) (holding that a district court generally does not have the authority to direct an award of benefits on remand). Moreover, it is in Mr. Bradford's best interest to remand the case to the Commissioner at the earliest possible date.

date of March 15, 2009.  (Tr. 195-201, 202-07).   His applications were denied initially on January 14, 2011, and on reconsideration on October 19, 2011.  (Tr. 92-96, 104-10).  A hearing was held on December 19, 2012, before an Administrative Law Judge ("ALJ").  (Tr. 36-67). Following the hearing, the ALJ determined that Mr. Bradford was not disabled within the meaning of the Social Security Act during the relevant time frame.  (Tr. 18-35).  The Appeals Council denied Mr. Bradford's request for review (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Mr. Bradford suffered from the severe impairments of status-post lumbar spine surgeries, degenerative disc disease, and dysthymic disorder.  (Tr. 23).  Despite these impairments, the ALJ determined that Mr. Bradford retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except claimant can only occasional (sic) climb ramps/stairs, balance, stoop, kneel, crouch and crawl; never climb ladders, ropes or scaffolds; no overhead reaching with the left non-dominant upper extremities; and no position requiring good depth perception.  He is limited to unskilled work.

(Tr. 25).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Bradford could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled.  (Tr. 29-31).

I. **FUNCTIONAL LIMITATIONS BASED ON MR. BRADFORD'S DIFFICULTIES IN CONCENTRATION, PERSISTENCE, OR PACE**

On June 23, 2014, Mr. Bradford petitioned this Court to review the Social Security Administration's final decision to deny his claims.  Mr. Bradford filed a Motion for Judgment on the Pleadings on November 20, 2014, and the Commissioner filed a Motion for Summary Judgment on February 13, 2015.  On March 18, 2015, while Mr. Bradford's case remained pending, the United States Court of Appeals for the Fourth Circuit issued a published opinion in

*Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), a Social Security appeal from the Eastern District of North Carolina. The Fourth Circuit determined that remand was appropriate in *Mascio* for three distinct reasons, one of which appeared relevant to the analysis of this case. Accordingly, on March 24, 2014, the Court afforded the Commissioner an additional 30 days to file a brief addressing the apparent *Mascio* issue. [ECF No. 16]. The Commissioner filed a supplemental brief on April 22, 2015. [ECF No. 18].

Pertinent to this case, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work,[2] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

---

[2] The hypothetical the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

In this case, at step three of the sequential evaluation, the ALJ determined that, "with regard to concentration, persistence or pace," Mr. Bradford has "moderate difficulties." (Tr. 25). However, like in *Mascio*, the hypothetical posed to the VE included no mental limitations and the ALJ's RFC assessment included only a limitation to "unskilled work." (Tr. 25, 63-64). Accordingly, unless the ALJ adequately explained why Mr. Bradford's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in his RFC, I must recommend that the Court remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

In her supplemental brief, the Commissioner contends that, in this case, "the ALJ provided the explanation that was lacking in *Mascio*." Def.'s Supplemental Br. 2. In support of her argument, the Commissioner posits that "the evidence discussed by the ALJ documents no problem with paying attention, retained recall, and no need for reminders, it does not support specific limitations restricting Plaintiff's ability to stay on task." Def.'s Supplemental Br. 3. The Commissioner contends that the analysis in this case is thus analogous to that upheld by this Court in *Dean v. Comm'r, Social Sec. Admin.*, No. SAG-14-1127, 2015 WL 1431548, at * 1-2 (D. Md. Mar. 26, 2015). However, the *Dean* case is factually distinguishable. In *Dean,* the ALJ provided a clear explanation of the reason for assessing a moderate limitation in the first place, and then a clear explanation of why, despite that moderate limitation, the claimant would not have issues persisting in a given task. *See Dean*, No. SAG 14-1127 [ECF No. 13-1 at 20] ("Despite these limitations, the claimant remained persistent throughout the testing process and he was able to sustain attention (Exhibit 13F), however, given this profile, the claimant would likely have difficulty processing complex or detailed work instructions and procedures, and I have therefore assessed a moderate limitation in concentration."); *id.* at 25-26 ("Though he

periodically needed breaks to stand and stretch, he had no visible difficulty sustaining his attention for tasks during the two several hour sessions."); *Id*. at 13 ("I find that when considering the claimant's mild to moderate issues involving learning and memory, he does not have the ability to sustain the focus and concentration necessary to sustain complex, detailed tasks, which could have extensive training, ongoing learning, or require significant memory processing. Rather, he should be restricted to the more limited demands of simple, routine, and repetitive work tasks. During testing, he did adequately demonstrate the ability to sustain the attention and concentration necessary to compete two rigorous days of testing, and he persisted equally as well, only giving up on one task (Exhibit 13-F). Therefore, I find that the claimant retains significant strengths in the area of concentration and persistence, and is no more limited than identified in the residual functional capacity.") With that detailed explanation, a court reviewing the ALJ's opinion in *Dean* is readily able to understand both the reason for the assessment of the moderate limitation and the reason why the RFC assessment did not include any limitations on the ability to sustain a particular task. In sum, the claimant in *Dean* suffered issues of concentration that precluded complex tasks, but no issues with persistence or pace.

The same cannot be said for the explanation set forth in the instant case. The Commissioner argues that the ALJ provided an adequate explanation of why Mr. Bradford had no limitations in his ability to sustain tasks. However, what is lacking in the instant case is any explanation of why the ALJ assessed any moderate limitation in concentration, persistence, or pace. The suggestion that it was based solely upon Mr. Bradford's rating of his mood as a "6" is unpersuasive, since "mood" is not contained within the purview of "concentration, persistence, or pace." Most of the evidence discussed under the finding of moderate limitation in fact suggests no limitation at all. (Tr. 25). Without understanding why the ALJ believed Mr.

Bradford to have a moderate limitation in concentration, persistence, or pace, as opposed to a mild limitation or no limitation, the Court cannot ascertain whether the moderate limitation found by the ALJ would warrant any RFC restrictions in Mr. Bradford's ability to perform or sustain even unskilled work. Thus, on remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio.* In recommending remand on this basis, I express no opinion as to whether the ALJ's ultimate decision that Mr. Bradford was not disabled was correct or incorrect.

## II.     ARGUMENTS RAISED BY MR. BRADFORD

In his Motion for Judgment on the Pleadings, Mr. Bradford raises three primary arguments. First, he contends that the ALJ assigned inadequate weight to the opinions of his treating physician, Dr. Fisher. Second, he claims that the ALJ erred in assessing the credibility of his subjective complaints. Finally, he contests the adequacy of the hypothetical posed to the VE, largely because of the concentration, persistence, or pace issue discussed above. While I do not believe that either of Mr. Bradford's first two arguments would merit remand standing alone, I note that the ALJ's discussion of Dr. Fisher's opinions is rather cursory and somewhat difficult to understand. (Tr. 29). Because the case is being remanded on other grounds, on remand, I recommend that the ALJ provide a more thorough explanation of his assignment of "little weight" to the opinions of Dr. Fisher.

## III.    CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 15];

2. the Court DENY Mr. Bradford's Motion for Judgment on the Pleadings [ECF No. 11];

6

3. the Court REVERSE IN PART, due to inadequate analysis, the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

## IV. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: April 27, 2015  /s/
Stephanie A. Gallagher
United States Magistrate Judge