**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DANIEL JASON BRADFORD, | * | |
| | * | |
| Claimant, | * | |
| | * | |
| v. | * | Case No. WMN-14-2016 |
| | * | |
| CAROLYN W. COLVIN, | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant | * | |

\*\*\*\*\*\*

## REPORT AND RECOMMENDATIONS

Daniel Jason Bradford has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $4,720.54, plus $400.00 in filing fees. (ECF No. 27). Because Mr. Bradford did not consent to a magistrate judge for all proceedings, his request for attorney's fees has been referred to me, pursuant to Standing Order 2014-01, for review and to make recommendations under 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Commissioner opposed Mr. Bradford's petition for fees in its entirety. (ECF No. 28). For the reasons set forth below, I recommend that Mr. Bradford's Motion for Attorney's Fees be GRANTED in part and DENIED in part.

## BACKGROUND

After being denied disability benefits at the administrative level, Mr. Bradford appealed the decision to this Court. (ECF No. 1). He was represented on appeal by a law firm based in New York ("the New York firm"), with the assistance of local counsel in Maryland. In his motion for judgment on the pleadings, Mr. Bradford raised three primary arguments: (1) that the ALJ assigned inadequate weight to the opinions of his treating physician; (2) that the ALJ erred

1

in making an adverse credibility assessment; and (3) that the ALJ posed an inadequate hypothetical to the Vocational Expert. (ECF No. 11). In addition, on March 24, 2015, the Court alerted the parties to a potential issue under the Fourth Circuit decision of *Mascio v. Colvin*, 780 F.3d 632, which was decided on March 18, 2015, as Mr. Bradford's case was pending. (ECF No. 16). Pertinent to this case, *Mascio* held that a restriction to simple or unskilled work in an RFC assessment does not account for a claimant's moderate limitation in concentration, persistence, and pace. *Id.* at 638. The Court emphasized the distinction between the ability to perform simple tasks and the ability to stay on task. *Id.* In the instant case, the ALJ found that Mr. Bradford had a moderate limitation in his ability to maintain concentration, persistence, or pace, but the only mental limitation appearing in his RFC assessment stated that he would be limited to unskilled work. (Tr. 25). Accordingly, the Court's March 24, 2015 letter to the parties granted the Commissioner additional time to review the case to determine whether consent remand was required under *Mascio*, or whether she instead wished to file a supplemental brief addressing the apparent *Mascio* issue. (ECF No. 16). The Commissioner filed a supplemental brief on April 22, 2015. (ECF No. 18).

On April 27, 2015, this Court issued a Report and Recommendations, finding that two of Mr. Bradford's arguments did not independently warrant remand, but recommending remand based on a finding that the ALJ's RFC assessment was inadequate under *Mascio*. (ECF No. 19). The Court issued its recommendation of remand without waiting to receive a response from Mr. Bradford, since the need for remand was clear. *Id.* The Commissioner filed an objection to the Report and Recommendations, and Mr. Bradford filed a response. (ECF Nos. 22, 23). On May 19, 2015, United States District Judge William M. Nickerson adopted the Report and Recommendations, reversed in part the ALJ's decision, and remanded the case for further

proceedings. (ECF No. 24).

Mr. Bradford timely filed the instant Application for Attorney's Fees on August 18, 2015. (ECF No. 27). Mr. Bradford seeks $4,720.54 for his counsel, which represents 24.90 hours of attorney work time at an hourly rate of $189.58. *Id.*

## I. LEGAL STANDARDS

A party who prevails in litigation against the United States is entitled to EAJA attorney fees if the Commissioner's position was not substantially justified and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing claimant must submit a fee application and an itemized statement of fees to the court within 30 days of final judgment. *Id*. "The Supreme Court has approved a 'generous formulation' to determine who are prevailing parties: '[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hyatt v. Heckler*, 807 F.2d 376, 382 (4th Cir. 1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The Commissioner bears the burden of proving that her position was substantially justified, thus precluding an award of attorney fees and costs under the EAJA. *Thompson v. Sullivan,* 980 F.2d 280, 281 (4th Cir. 1992). The Commissioner's position must be substantially justified in both fact and law. *Id.* ("In other words, favorable facts will not rescue the Commissioner from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts."); *see also Pierce v. Underwood*, 487 U.S. 552, 562-63 (1988). When evaluating whether the Commissioner's position was substantially justified, the court must examine the Agency's conduct and posture

both before and during litigation. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Crawford*, 935 F.2d at 657.

A substantially justified position is one that is "more than merely undeserving of sanctions for frivolousness." *Pierce*, 487 U.S. at 566. To be substantially justified, the Commissioner's position must be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565. A court's ruling against the Commissioner is not determinative, as the Commissioner "is not automatically liable for attorney's fees every time [s]he loses a case." *Crawford*, 935 F.2d at 657 (relying on *Smith v. Heckler*, 739 F.2d 144, 147 (4th Cir. 1984)).

## II. ANALYSIS

The Commissioner objects to Mr. Bradford's request for attorney's fees, arguing (1) that attorney's fees are unwarranted because the Commissioner's position was substantially justified; and (2) that even if fees are warranted, the amount sought is unreasonable under the circumstances presented. First, then, this Court must evaluate whether an award of attorney's fees is proper under the EAJA. A party is entitled to EAJA fees if: (1) the claimant is a party who prevailed in litigation against the United States; (2) the Commissioner's position was not substantially justified; (3) no special circumstances make an award unjust; and, (4) the claimant's fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1); *Crawford*, 935 F.2d at 656.

Mr. Bradford easily meets three of these four requirements. Regarding the first element of the statutory test, Mr. Bradford qualifies as a prevailing party for purposes of awarding EAJA fees because of the Supreme Court's "generous formulation" of who constitutes a prevailing party. By winning remand of his case, Mr. Bradford has succeeded on a significant issue in

litigation and has achieved some of the benefit he sought. With respect to the third element, the parties do not dispute whether any special circumstances exist that would make an award of attorney's fees unjust. Mr. Bradford's request for attorney's fees is also timely, and therefore satisfies the fourth element of the statutory test. *See* (ECF No. 30).

The only question remaining is whether the Commissioner's position in the case was substantially justified. As noted above, the Commissioner's position must be substantially justified on both the facts and the law. *Thompson*, 980 F.2d at 281. This Court remanded this case largely because the ALJ failed to properly explain how his RFC adequately accounted for his moderate limitation in concentration, persistence, or pace under *Mascio*. 780 F.3d at 638; (ECF No. 19). The Commissioner was given the opportunity to determine whether consent remand was required under *Mascio*, and declined to do so. *See* (ECF Nos. 16, 18). Moreover, the Commissioner filed an objection to the Report and Recommendations, which then required Mr. Bradford's counsel to file an additional response. (ECF Nos. 22, 23). The Commissioner's current argument, that her position was substantially justified under pre-*Mascio* legal standards, is unpersuasive in light of the fact that this case falls squarely within *Mascio*'s ruling. After *Mascio*, the Commissioner's position in this case was not substantially justified in the law, and an award of EAJA fees is therefore appropriate.

Turning to the amount of a reasonable fee, this is not a case in which the arguments made by Mr. Bradford's counsel entirely lacked merit. This Court agreed with Mr. Bradford's counsel that the ALJ's discussion of the opinions of Mr. Bradford's treating physician, Dr. Fisher, "is rather cursory and somewhat difficult to understand." (ECF No. 19). While perhaps not meriting remand alone, the issue was sufficient to justify a recommendation that the ALJ provide a more adequate explanation on remand. Perhaps more importantly, Mr. Bradford's counsel

identified, even pre-*Mascio*, the fact that the ALJ's hypothetical had not properly accounted for Mr. Bradford's limitations in concentration, persistence, or pace. Pl. Mot. 18-19. Thus, this is not a case in which counsel should receive reduced fees because the arguments he submitted did not succeed.

I recommend that three minor reductions be made to the fee award. First, I recommend a reduction of 0.8 hours for the entry of "Dictated letter to client re: appeal/Dictated complaint". Social Security plaintiffs in this district have access to a form complaint, with just four blank spaces requiring insertion of (1) the place plaintiff resides, (2) the plaintiff's name, (3) the type of benefits that were denied, and (4) the date of the final administrative decision. That complaint requires limited factual information, incorporates no legal work, and could be completed by administrative staff in a matter of minutes. Mr. Sheridan's counsel filed a more complex four page Civil Complaint, which contains additional factual information about his case, but the additional information is the type that could be filled in by a clerical employee. (ECF No. 1); *see Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) ("'[t]asks of a clerical nature are not compensable as attorney's fees'"); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all"). . Moreover, a review of twelve of counsel's recent billing statements indicates an identical entry of 0.8 hours in each case for preparation of the complaint, and for drafting a letter to the client. Thus, I agree with the Commissioner, and recommend that the 0.8 hour entry be disallowed as clerical work.

Likewise, I note that counsel includes an entry for 1.3 hours for "Prepare EAJA fee petition" in each case. The EAJA fee petitions are near-identical in every case, with the exception of dates, amounts, and a single paragraph describing the outcome of the case. Given the routine nature of these documents, it is difficult to see how they would take experienced counsel significant time to prepare, particularly exactly the same amount of significant time in every case. I find that 0.5 hours is a closer approximation of the non-clerical work that goes into tailoring an EAJA fee petition for each case. Accordingly, I recommend a deduction of 0.8 hours from the time for preparation of the EAJA fee petition.

Finally, the Commissioner should not have to pay for two separate experienced attorneys to review the dispositive motion before filing. Mr. Bradford is permitted to select an out-of-state attorney to pursue his appeal, but the cost of that decision should not be passed to the Commissioner by way of duplicative legal fees. *See, e.g., Gibby v. Astrue,* Civil No. 2:09cv29, 2012 WL 3155624, at *8 (W.D.N.C. Aug 2, 2012) (declining to allow *pro hac vice* fees under EAJA because they "are an expense that an attorney pays for the privilege of practicing law in a district and should not be taxed to a [defendant] simply because a [plaintiff] chooses to be represented by counsel not admitted to practice in this district."). The appropriate adjustment is simply to deduct the 0.8 hours that local counsel billed for review of the motion.

With the recommended reduction, Plaintiff would receive an award of fees for 22.5 hours of work at the requested hourly rate of $189.58, for a total fee of $4,265.55, plus the $400.00 filing fee. That award is reasonable and, in fact, well exceeds what other lawyers other than Mr. Bradford's receive in similar cases in a similar procedural posture. *See, e.g., Bragg v. Colvin,* Civil No. SAG-15-152 (Sept. 18, 2015) (awarding fees in the amount of $2,625.00); *Flynn v. Colvin,* Civil No. SAG-15-347 (Sept. 17, 2015) (awarding fees in the amount of $1,505.00);

*Hemp v. Colvin,* Civil No. SAG-14-2855 (Sept. 17, 2015) (awarding fees in the amount of $1,281.37); *Smith v. Colvin,* Civil No. SAG-14-4030 (Sept. 3, 2015) (awarding fees in the amount of $1,435.00); *Bracey v. Colvin,* Civil No. SAG-14-3847 (Sept. 3, 2015) (awarding fees in the amount of $1,960.00).

## III. CONCLUSION

Based on the foregoing, I recommend that the Court GRANT in part and DENY in part Mr. Bradford's Motion for Attorney's Fees, and award him $4,265.55 in fees, plus $400.00 in costs, under the EAJA. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

## IV. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error**.**

Dated: October 5, 2015               /s/
                                     Stephanie A. Gallagher
                                     United States Magistrate Judge